1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

ANGELA B.,

Plaintiff,

9

v.

10

COMMISSIONER OF SOCIAL SECURITY,

11

Defendant.

12

Case No. C20-1617 RSM

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

13    Plaintiff appeals denial of her applications for Supplemental Security Income and

14 Disability Insurance Benefits.  Plaintiff contends the ALJ erred by discounting her testimony and

15 three medical sources' opinions, accepting another medical source's opinion, and determining

16 Plaintiff could perform three jobs.  Dkt. 18.  As discussed below, the Court **REVERSES** the

17 Commissioner's final decision and **REMANDS** the matter for further administrative proceedings

18 under sentence four of 42 U.S.C. § 405(g).

19                                   **BACKGROUND**

20    Plaintiff is 41 years old, has a limited education, and has worked as a computer

21 equipment operator and an injection molding machine operator.  Dkt. 16, Admin. Transcript (Tr.)

22 1103.  Plaintiff applied for benefits in March 2015, alleging disability as of April 25, 2014.  Tr.

23

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

1089.  Plaintiff's applications were denied initially, on reconsideration, and in a 2018 ALJ

decision after hearings in 2017 and 2018.  Tr. 1089, 13-32.  On appeal to this Court, the Court

reversed the ALJ's decision and remanded for reconsideration of the medical opinion evidence

and Plaintiff's testimony.  Tr. 1229-47.

On remand, after the ALJ conducted a hearing in July 2020, the ALJ issued a decision

finding Plaintiff not disabled.  Tr. 1089-1105, 1114-41.  The ALJ found Plaintiff had severe

spinal impairment(s), hip impairment(s), carpal tunnel syndrome, fibromyalgia, sleep apnea,

obesity, mood disorder(s), anxiety disorder(s) (including post-traumatic stress disorder),

personality disorder(s), and substance use disorder(s).  Tr. 1092.  The ALJ found Plaintiff had

the residual functional capacity (RFC) to perform simple, routine, light-exertion work with

additional social and manipulative limitations.  Tr. 1094.  The ALJ found that, while Plaintiff

could not perform her past relevant work, she could perform other work, such as jobs as a

housekeeping cleaner, cafeteria attendant, or outside deliverer.  Tr. 1102-04.

### DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if

the ALJ's decision is based on legal error or not supported by substantial evidence in the record

as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence

establishing underlying impairments that could cause the symptoms alleged, and there is no

affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

symptom severity by providing "specific, clear, and convincing" reasons supported by

substantial evidence.  *Trevizo*, 871 F.3d at 678.

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

The ALJ discounted Plaintiff's testimony of disabling physical and mental limitations based on ability to work with the same impairments, inconsistent statements, conflict with medical evidence, lack of treatment, and conflict with activities.  Tr. 1095-2000.

The ALJ's finding that Plaintiff worked with the same impairments was not supported by substantial evidence.  The ALJ found Plaintiff's hand pain and tingling began by 2010.  Tr. 1095 (citing Tr. 676, 801).  However, the 2015 records the ALJ cited show Plaintiff's "symptoms have become worse over the past few months."  Tr. 676; Tr. 801 ("symptoms have progressed … over the past several months").  The ALJ also cited reports of anxiety in 2012, but nothing comparable to Plaintiff's testimony of isolating herself and crying spells.  Tr. 1095 (citing Tr. 903-09), Tr. 1123-27.  And the ALJ's finding that Plaintiff "reported severe depression and anxiety, with a need to take daytime naps" in 2013 relies on a mischaracterization of the record.  Tr. 1095 (citing Tr. 761-64).  In the record cited, Plaintiff reported "[f]amily conflict," not severe depression and anxiety, and, when describing her activities of daily living, stated she took naps while her baby napped.  Tr. 761.  Again, this is not comparable to Plaintiff's testimony after the alleged onset date.  An ALJ may not reject evidence based on an inaccurate portrayal of the record.  *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ's decision unsupported by substantial evidence where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").  Ability to work with the same impairments was not a clear and convincing reason to discount Plaintiff's testimony.

The Commissioner argues the ALJ cited "inconsistencies in why Plaintiff stopped working, sought treatment, and whether or not treatment was effective" but fails to identify such inconsistencies.  Dkt. 22 at 4.  The ALJ cited records stating Plaintiff left her last job because she "was not able to perform" or because "her depression got worse," but these are not inconsistent.

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

Tr. 542, 601.[1]  The ALJ cited treatment notes from times when Plaintiff's pain was well controlled and times when it was uncontrolled.  Tr. 1096; *see also* Tr. 1097 (ALJ found Plaintiff "occasionally" reported pain was controlled).  This appears to show variability over time rather than contradictory statements.  Inconsistent statements were not a clear and convincing reason to discount Plaintiff's testimony.

An ALJ may reject a claimant's testimony based on contradiction with the medical record, but not mere lack of supporting medical evidence.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  Here, the ALJ cited treatment notes documenting observations such as normal mood and affect, but also observations Plaintiff was "teary."  Tr. 549.  Normal mood and affect did not contradict Plaintiff's mental symptom testimony of self-isolation and crying spells.  Similarly, the ALJ cited a mix of abnormal and normal physical findings, such as spinal tenderness and degenerative changes, but negative straight leg raise test.  Tr. 1096.  While some of these findings may not support Plaintiff's testimony, none contradict it.  Contradiction with medical evidence was not a clear and convincing reason to discount Plaintiff's testimony.

The ALJ found Plaintiff had "no documented treatment during her period of work activity in 2013 and 2014," prior to the alleged onset date, but failed to explain how this had any bearing on her testimony related to the period after her alleged onset date.  Tr. 1095.

The ALJ found Plaintiff had "minimal" pain treatment after 2017 and no carpal tunnel treatment after May 2019.  Tr. 1097.  "[A]n unexplained, or inadequately explained, failure to

---

[1] The ALJ also stated Plaintiff "appears to have voluntarily left work in April 2014 in order to seek disability benefits," but provided no supporting citation to the record, and the Court can find none.  Tr. 1095.

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

seek treatment" can constitute a sufficient reason for discrediting a claimant's symptom testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  Plaintiff fails to address the ALJ's finding.  This lack of treatment was a clear and convincing reason to discount Plaintiff's testimony of debilitating pain after 2017, but not earlier.

An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  Here, the ALJ found Plaintiff's activities of caring for several children and her mother and traveling out of state contradicted her testimony.  Tr. 1099-2000.  While caretaking did not contradict Plaintiff's testimony, her travel activities provided a clear and convincing reason to discount her mental symptom testimony.

Although Plaintiff cared for her four children and at times another child, all but one were teenagers and adults who took care of their own needs and in fact helped Plaintiff with cooking, shopping, and housework.  Tr. 86, 93, 108.[2]  She got her five-year-old son ready for school, but her older children helped with that when she was unable.  Tr. 91, 108.  The ALJ failed to identify any childcare activities that contradicted Plaintiff's physical or mental symptom testimony.

The ALJ's finding that Plaintiff's care for her mother contradicted her testimony was unsupported by substantial evidence.  Plaintiff testified her caretaking consisted of taking her mother to medical appointments.  Tr. 92; *see also* Tr. 1558 ("takes mother to all her many medical appointments").  Plaintiff testified she provides "emotional support" for her mother, but does "not take care of her in any way of physically."  Tr. 110, 112.  The ALJ failed to identify any contradictory evidence in the record.  Treatment notes show Plaintiff reported her mother

---

[2] Plaintiff's counsel is reminded to provide citations to the record to support factual assertions. *See, e.g.*, Dkt. 18 at 10 ("her children are old enough to essentially take care of themselves").

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

had "brain tumors" but was "quite functional." Tr. 1731.  Plaintiff "expressed worry and

concern" over her mother's health condition, but neither the ALJ nor the Commissioner

identifies any caretaking activities that contradicted Plaintiff's testimony.  Tr. 1555.

Plaintiff's travel activities, however, conflicted with her mental symptom testimony.  At

the 2017 hearing, Plaintiff testified she took a family trip to Disneyland for about a week, and

flew to her brother's house in Arizona for two weeks.  Tr. 88-90.  The ALJ reasonably found a

week-long trip to Disneyland contradicted Plaintiff's testimony that depression causes her to

retreat to her bedroom three days a week.  *See* Tr. 106.

Plaintiff's arguments to the contrary are unavailing.  Plaintiff argues she has trouble

interacting with others, "which is not necessary in a theme park."  Dkt. 18 at 11.  Plaintiff's

assertion that a week-long visit to a theme park requires no interaction with others finds no

support in the record.  The ALJ reasonably inferred Plaintiff interacted with people, such as

ticket-sellers, hotel staff, vendors, or other visitors, during the Disneyland trip.  *See Batson v.

Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's

findings are upheld if supported by inferences reasonably drawn from the record.").  Plaintiff

next argues there was "no indication that these trips were not mentally difficult for [her]."  Dkt.

18 at 11.  But there is no indication the trip did cause her difficulty, and her ability to

successfully complete the trip contradicts her testimony of needing to isolate frequently.

Plaintiff also argues "no concentration or pace maintenance [was] expected."  Dkt. 18 at 11.  But

an ALJ may discount a claimant's testimony based on activities that *either* contradict her

testimony *or* show transferable work skills.  *Orn*, 495 F.3d at 639.  The ALJ did not err by

finding Plaintiff's ability to take a week-long Disneyland trip contradicted her testimony of

extreme isolation.  Plaintiff asserts having her family with her "attenuate[d] her mental

limitations." Dkt. 18 at 11.  There is no support in the record for Plaintiff's assertion.  In fact, therapy notes indicate family issues were her biggest stressor.  *See, e.g.*, Tr. 1492 ("discussed depression issues in relation to family issues"), 1535 (focus of therapy session was "family and parenting issues"), 1551 ("mother is giving her a 'hard time.'").  Conflict with Plaintiff's activities was a clear and convincing reason to discount her mental symptom testimony.

The Court concludes the ALJ did not err by discounting Plaintiff's mental symptom testimony, and her physical symptom testimony for the time after 2017.  However, the ALJ erred by discounting her physical symptom testimony before then without a clear and convincing reason.

**B.     Medical Opinion Evidence**

A treating physician's opinion is generally entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a non-examining physician's opinion.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons.  *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).  An ALJ may reject the opinion of a non-acceptable medical source, such as an occupational therapist, by giving reasons germane to the opinion.  *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

**1.     Examining Medical Source Julie L. Milasich, O.T.**

Occupational therapist Ms. Milasich performed a Functional Evaluation in November 2015, and opined Plaintiff could sit three hours, stand one hour, and walk half an hour per day. Tr. 897-98.  She opined Plaintiff could lift a maximum of 12.5 pounds.  Tr. 897.  The ALJ gave

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

1  "minimal weight" to Ms. Milasich's opinions based on conflict with the medical evidence and

2  Plaintiff's activities.  Tr. 1100.

3        The ALJ found Ms. Milasich clinical findings of mild leg weakness, rated at 4 to 4+ out

4  of 5, conflicted with contemporary medical evidence of normal strength.  Tr. 1100.  Treatment

5  providers found Plaintiff's lower extremity strength "intact" or within normal limits.  *See, e.g.*,

6  Tr. 935, 943.  There is no indication these general findings of full strength are inconsistent with

7  Ms. Milasich's more detailed and precise testing results of nearly full strength.  Similarly, the

8  ALJ failed to explain how Ms. Milasich's findings of "mostly intact sensation in [Plaintiff's]

9  hands" was inconsistent with other medical evidence of normal sensation.  Tr. 1100.  The ALJ's

10  finding of inconsistency with medical evidence was unsupported by substantial evidence, and

11  thus could not provide a germane reason to discount Ms. Milasich's findings.

12        The ALJ found Ms. Milasich's opinions inconsistent with Plaintiff's activities as a

13  "primary caregiver for her ailing mother and four children, which involves driving and

14  household chores."  Tr. 1100.  The ALJ failed to explain how these activities were inconsistent

15  with Ms. Milasich's opinions, and no inconsistency is apparent.  For example, the ALJ did not

16  identify any household chores that required lifting more than 12.5 pounds, or any driving that

17  required more than half an hour at a time or three hours per day.  *See* Tr. 897.  The ALJ's finding

18  of inconsistency with Plaintiff's activities was unsupported by substantial evidence, and thus was

19  not a germane reason to discount Ms. Milasich's opinions.

20        The Court concludes the ALJ erred by discounting Ms. Milasich's opinions.

21        **2.      Treating Physician Kamran Khan, M.D.**

22        Plaintiff contends the ALJ erred by discounting Dr. Khan's 2020 opinion.  Dkt. 18 at 16.

23  In June 2020, Dr. Khan filled out a Request for Medical Opinion form, opining Plaintiff's pain

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

1    would interfere with concentration about half the time, she would need unscheduled breaks due

2    to pain, and she would need to recline about two hours per day.  Tr. 1745-46.  Dr. Khan opined

3    Plaintiff could use her "hands and arms less than occasionally" and would be absent at least three

4    days per month.  Tr. 1747.

5        The ALJ gave Dr. Khan's opinions "minimal weight" for several reasons.  Tr. 1101.  The

6    ALJ discounted Dr. Khan's opinions because of normal mental status findings and reliance on

7    Plaintiff's self-reports, but Dr. Khan's opined limitations were based on pain, not psychological

8    impairment.  Tr. 1101, 1745-47.  The ALJ also discounted Dr. Khan's opinions because they

9    were based on Ms. Milasich's functional evaluation.  Tr. 1101.  Because the ALJ erred by

10   discounting Ms. Milasich's opinions, reliance on them was not a valid reason to discount Dr.

11   Khan's opinions.

12       The ALJ discounted Dr. Khan's opinions as inconsistent with the medical evidence.  The

13   ALJ noted Dr. Khan observed "some areas of tenderness and limited range of motion," but also

14   sometimes "intact spinal range of motion" and "normal sensation, negative [straight leg raises],

15   no spasms, and no acute distress."  Tr. 1101.  The ALJ did not identify any contradiction with

16   Dr. Khan's opinions.  Merely listing some normal and some abnormal findings does not explain

17   why the ALJ considered the normal results more significant.  *See Reddick*, 157 F.3d at 725 ("The

18   ALJ must do more than offer his conclusions.  He must set forth his own interpretations and

19   explain why they, rather than the doctors', are correct.").  As a medical professional, Dr. Khan

20   was better suited than the ALJ to evaluate the normal and abnormal findings to determine

21   Plaintiff's functional limitations.  Inconsistency with medical evidence was not a specific and

22   legitimate reason to discount Dr. Khan's opinions.

23

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 9

1      The ALJ found Dr. Khan's opinions contradicted by Plaintiff's activities as a caregiver,

2   which involved "driving, attending appointments, and performing household tasks on a reliable

3   basis." Tr. 1101.  The ALJ failed, however, to explain how these activities conflicted with Dr.

4   Khan's opinions.  Conflict with activities was not a specific and legitimate reason to discount Dr.

5   Khan's opinions.

6      The Court concludes the ALJ erred by discounting Dr. Khan's opinions.

7      **3.      Non-examining Physician Frank Barnes, M.D.**

8      At the 2018 hearing, Dr. Barnes testified Plaintiff could lift ten pounds occasionally and

9   could stand/walk two hours per day.  Tr. 1345.  He opined she could handle and finger frequently

10  with the left and occasionally with the right upper extremity.  Tr. 1346.  The ALJ gave these

11  opinions "minimal weight" because Plaintiff worked with the same impairments.  Tr. 1102.  As

12  discussed above with regard to Plaintiff's testimony, this finding is unsupported by substantial

13  evidence.  Records the ALJ cited show Plaintiff's pain worsened around the time of her alleged

14  onset date. *See, e.g.*, Tr. 794 (in June 2016 back pain had been "gradually worsening" for

15  "several months").

16     The Commissioner contends the ALJ found "sustained control" of pain undermined Dr.

17  Barnes' opinions.  Dkt. 22 at 6; *see* Tr. 1102.  Yet, elsewhere in the decision, the ALJ found

18  Plaintiff sometimes had "well-controlled pain" and sometimes had "uncontrolled back pain."  Tr.

19  1096.  It is the ALJ's role to resolve conflicts in the evidence.  *Andrews v. Shalala*, 53 F.3d 1035,

20  1039 (9th Cir. 1995).  Because the ALJ failed to resolve whether Plaintiff's pain was consistently

21  controlled or changed over time, sustained control of pain was not a valid reason to discount Dr.

22  Barnes' opinions.

23

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 10

The ALJ also discounted Dr. Barnes' opinions based on the same medical evidence as for Dr. Khan.  Tr. 1102.  For the same reasons, this was not a valid reason to discount Dr. Barnes' opinions.

The Court concludes the ALJ erred by discounting Dr. Barnes' opinions.

### 4.    Non-examining State Agency Physician Myung A. Song, D.O.

In November 2015, Dr. Song opined Plaintiff could perform light work.  Tr. 197-99.  The ALJ gave Dr. Song's opinions "significant weight" as consistent with Plaintiff's "work history, activities since April 2014, longitudinal examination findings, and pursuit of treatment," but did not identify any specific supporting evidence.  Tr. 1102.  As discussed above, several of the ALJ's findings regarding Plaintiff's work history, activities, and medical evidence were not supported by substantial evidence, and the lack of treatment after 2017 did not shed light on Plaintiff's condition before then.  On remand, the ALJ's reassessment of this evidence will necessitate reconsideration of Dr. Song's opinions.  The ALJ will also need to determine how reevaluation of the medical opinions discussed above that conflict with Dr. Song's affect the evaluation of Dr. Song's opinions.

## C.    Step Five Jobs

Plaintiff contends the three jobs the ALJ relied on at step five are incompatible with the RFC the ALJ assessed, according to either vocational expert testimony or the Dictionary of Occupational Titles (DOT).  Dkt. 18 at 3-5.  Because the ALJ must reevaluate portions of Plaintiff's testimony as well as several medical opinions inconsistent with the assessed RFC, on remand the ALJ may assess a different RFC and will have the opportunity to elicit further vocational expert testimony and address any apparent discrepancies with the DOT.  The Court therefore need not address Plaintiff's argument at this juncture.

**D.      Scope of Remand**

Plaintiff requests remand for an award of benefits because it has been over five years since she applied for benefits.  Dkt. 18 at 17.  However, remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  It requires establishing that the ALJ failed to provide legally sufficient reasons for rejecting evidence, that the record is fully developed and no conflicts remain for the ALJ to resolve, and that, if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  *Garrison*, 759 F.3d at 1020.  The length of time since Plaintiff applied for benefits does not establish any of these three criteria.  The Court concludes remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Plaintiff's physical symptom testimony through 2017 and the opinions of Ms. Milasich, Dr. Khan, Dr. Barnes, and Dr. Song; reassess the RFC as appropriate; and proceed to step five as necessary.

DATED this 9th day of September, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE